GEORGE W. SELIGMAN, EXECUTOR, ESTATE OF ISAAC N. SELIGMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9758.   Promulgated February 16, 1928.

*Harding Johnson, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

## OPINION.

MURDOCK: The respondent has made no argument nor has he filed a brief outlining his position but judging from the answer and the deficiency notice he has evidently denied the deductions claimed by

the petitioner on the ground that they did not represent ordinary operating expenses but were expenditures from the corpus of the estate necessary only for its preservation and administration and, therefore, were not in his opinion deductible from yearly income.

We had occasion to consider somewhat similar expenses in the case of *William W. Mead* v. *Commissioner*, 6 B. T. A. 752, and the opinion in that case reads in part as follows:

> We agree with the respondent that ordinarily executor's fees and commissions should be applied against the gross estate in determining the net estate * * *. A distinction, however, should be drawn between administration expenses paid or incurred in settling up an estate and those expenses paid or incurred in preserving the estate over a period of years, making sales, collections and doing other things which were necessary in maintaining the properties and producing income * * *.
>
> In our opinion expenses which were necessary to be paid out over a number of years in preserving the estate, selling the property and collecting interest or deferred payments on sales, are deductible from the gross income of the estate. Such expenses come under the classification of ordinary and necessary expenses in carrying on a trade or business. ·

The decedent's estate was a large one, consisting of assets worth more than $2,000,000, and from the provisions of his will it is apparent that its distribution could normally not be accomplished in a short period. Indeed it is seen from the findings of fact that the estate was still in process of administration four years after the testator's death. During such period the executors, of necessity, took certain steps to preserve the assets, maintain the properties and attempt to produce income therefrom.

The services performed by caretakers, workmen and the superintendent during the taxable year were undoubtedly for the purpose of preserving the property and not for settling up the estate. The property itself was part of the residuary estate which could be sold by the executors in the exercise of their discretion, or could be preserved as income-bearing property and held by the trustees with other property of the decedent in the exercise of the duties of the trust. Its preservation from year to year for use as either income-bearing property or for sale and conversion to some other type of property bearing income extended over a long period of time, while the estate was still in the process of administration and constituted a trade or business of the estate, the annual expenses of which are deductible.

The amount paid during the year as advertising costs of the Willowbrook property should also be considered as an expense deductible from gross income. Possibly the executors might have done nothing with this property except turn it over to themselves as trustees when the administration was completed, but instead they chose to attempt to convert it into income-bearing property or to realize an income from it as it existed, and to accomplish either of

these purposes incurred the advertising costs in question. Furthermore it was shown that in the following year a 3-year lease carrying an annual rental of $6,000 was obtained as a result of this advertising.

The attorneys for the estate were paid an unitemized fee of $10,000 during the year 1921, of which amount the petitioner claims $5,000 should be allowed as a deduction from gross income. The parties have agreed upon the services performed by the attorneys during the year, as incorporated in the stipulation of facts. From a careful consideration of the nature of the services rendered we are of the opinion that the allocation of $5,000 from the total sum paid is reasonable for those services performed in connection with the preservation and management of the estate, as distinguished from those performed purely for administrative purposes and we are, therefore, of the opinion that the deduction of this sum should be allowed.

The same considerations constrain us to permit the deduction of the salary paid during the year to Stanley G. Ranger as " agent " for the estate in that the agreed statement of facts shows that all of his services performed during the year for which he received a salary were in connection with the operation, preservation and general management of the Willowbrook and Harbourview properties.

*Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*